UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-CV-24066-CMA

ALAN GUERECA, individually
and on behalf of all others similarly situated,

                Plaintiff,

    v.

MOTORSPORT.TV DIGITAL, LLC,

                Defendant.

## JOINT SCHEDULING REPORT

Plaintiff Alan Guereca and Defendant Motorsport.tv. Digital, LLC, submit this Joint Scheduling Report.

**REQUIRED INFORMATION PURSUANT TO S.D. Fla. L.R. 16.1(b)(2)**

Pursuant to Local Rule 16.1(a), S.D. Fla., the Parties submit the following:

1. **S.D. Fla. L.R. 16.1(b)(2)(A) - The likelihood of settlement:**

The parties have engaged in preliminary settlement discussions and such discussions are ongoing. The parties cannot forecast the likelihood of settlement at this time, but will continue to engage in good faith discussions.

2. **S.D. Fla. L.R. 16.1(b)(2)(B) - The likelihood of appearance in the action of additional parties:**

Additional parties may be added, though Plaintiff is unable to forecast the likelihood of adding additional representative plaintiffs or additional defendants at this time.

1

3. **S.D. Fla. L.R. 16.1(b)(2)(C), (b)(2)(D), (b)(2)(I), (b)(2)(J) - Proposals for the formulation and simplification of issues, number/timing of motions for summary judgment or partial summary judgment, requested date(s) for conferences before trial, a final pretrial conference, and trial:**

The Parties will work to simplify and narrow the issues and submit the following proposed dates:

| Action or Event | Plaintiff's Proposed Dates | Defendant's Proposed Dates |
| --- | --- | --- |
| Deadline to file a responsive pleading | Agreed[1] | January 13, 2025 |
| Deadline to join other parties and to amend the pleadings | February 15, 2025 | Agreed |
| Deadline for class certification motion(s) | June 15, 2025 | January 15, 2026 |
| Fact and Expert discovery deadlines | Fact: June 26, 2025<br><br>Expert: July 26, 2025 | Fact: September 15, 2025<br><br>Expert: November 15, 2025[2] |
| Deadline to file dispositive motions | July 26, 2025 | TBD[3] |

---

[1] Under Fed. R. Civ. P. 4, because Defendant waived service the responsive pleading deadline falls on December 31, 2024. (*See* ECF No. 3). Plaintiff does not oppose an extension to January 13, 2025

[2] As discussed in response to paragraph 9 below, Motorsport proposes discovery be conducted in two phrases—class certification-related discovery and merits discovery. In the event that Motorsport objects to timely served discovery requests on the grounds that the information requested therein is not relevant or discoverable absent an order granting class certification, Motorsport proposes that the parties meet and confer regarding those requests within 30 days of an order granting class certification. Motorsport reserves all rights as to such requests notwithstanding the fact that a ruling on class certification may be issued after the close of fact discovery. Plaintiffs do not believe bifurcation is warranted for the reasons set forth in paragraph 9 below.

[3] As discussed in response to paragraph 9 below, Motorsport proposes the Court schedule this case only through class certification at this time. Motorsport proposes the Court address the scheduling from class certification ruling to trial following its ruling on class certification, as that ruling will greatly impact the nature and complexity of any additional discovery, the amount of and necessary time for pre-trial briefing and trial preparation, the evidence presented at trial, and the length of trial. Motorsport proposes the parties meet and confer following a ruling on class certification to

|  |  |  |
|---|---|---|
| Mediation deadline | July 15, 2025 | Within 60 days of the Court's ruling on Class Certification |
| Proposed trial date | October 15, 2025 | TBD |
| Estimated trial length | 5 days | Motorsport cannot estimate the number of approximate trial days until this Court rules on class certification. |

4. **S.D. Fla. L.R. 16.1(b)(2)(E) - The necessity or desirability of amendments to the pleadings:**

Plaintiffs do not anticipate amending the Complaint at this time.

5. **S.D. Fla. L.R. 16.1(b)(2)(F) - The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding the authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on the admissibility of evidence:**

The Parties will in good faith attempt to obtain: (1) admissions of facts and of documents, which will avoid unnecessary proof; and (2) stipulations regarding the authenticity of documents. The Parties will seek advance rulings from the Court on the admissibility of evidence as necessary.

6. **S.D. Fla. L.R. 16.1(b)(2)(G) - Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties will in good faith to meet and confer throughout discovery to avoid the submission of unnecessary proof and/or cumulative evidence.

7. **S.D. Fla. L.R. 16.1(b)(2)(H) - Suggestions on the advisability of referring matters to a magistrate judge or master:**

---

propose a post-certification schedule. Plaintiffs do not believe bifurcation is warranted for the reasons set forth in paragraph 9 below.

The parties do not unanimously consent to magistrate judge jurisdiction.

8. **S.D. Fla. L.R. 16.1(b)(2)(K)(i) – Any issues about disclosure, discovery, or preservation of electronically stored information**

Although possible,, the Parties do not anticipate that any significant issues pertaining to e-discovery will arise. As such, the Parties will confer regarding the scope and extent of their e-discovery efforts in order to reach a practicable resolution.

9. **S.D. Fla. L.R. 16.1(b)(2)(K)(ii) – Any issues about claims of privilege or of protection as trial-preparation materials**

None.

10. **S.D. Fla. L.R. 16.1(b)(2)(K)(iii) – ESI Checklist**

The Parties have reviewed and used the ESI checklist to prepare this report.

11. **Any other information that might be helpful to the Court in setting the case for status or pretrial conference**

The Parties will bring such information to the attention of the Court if the need arises.

Motorsport proposes discovery be conducted in two phases—class certification-related discovery and merits discovery. Motorsport proposes the Court schedule this case, including fact and expert discovery, only through class certification, limiting designation of experts and corresponding expert discovery in this period to class certification-related issues only and not requiring that all fact discovery relevant to merits be completed during this initial discovery phase. Motorsport expects the parties will complete some merits discovery along with class certification-related discovery during the initial discovery phase because there may be overlap, but expects additional merits discovery, and formal and informal discovery related to the individual purported class members, may take place after Plaintiff's motion for class certification is granted or denied in whole or in part. Motorsport further proposes that class certification briefing should only take place after the close of this initial discovery period. It also proposes the Court address the

4

scheduling from class certification ruling to trial and any potential additional merits discovery following its ruling on class certification, as that ruling will greatly impact the nature and complexity of any additional discovery, the amount of and necessary time for pre-trial briefing and trial preparation, the evidence presented at trial, and the length of trial. Motorsport proposes that the parties meet and confer following a ruling on class certification to propose a post-certification schedule.

Plaintiff's position is that bifurcation of the case into class certification and merits phases is neither warranted nor desirable. Local Rule 16.1 contemplates the resolution of complex cases within 365 days from the date of the issuance of the scheduling order. Bifurcation of the case would, in Plaintiff's view, needless delay the case and require duplicative discovery. There is significant overlap between class and merits discovery.

The Complaint's central allegation is that Defendant used a snippet of programming code on its website Motorsport.tv which disclosed to Meta, Inc. the titles of videos viewed by registered users of the Motorsport.tv site who had a Meta account in violation of 18 U.S.C. 2710(b). The substance of Defendant's alleged disclosures to Meta are intertwined with issues related to class certification such, for example, as how frequently these disclosures occurred, whether site users are ascertainable, and whether such disclosures were typical. It would be inefficient (and likely unworkable) to conduct discovery on some but not all of these issues.

| December 20, 2024 | Respectfully Submitted, |
|---|---|
| s/*Arun G. Ravindran* | s/*Kyle W. Woodford* |
| Arun Ravindran, FBN: 66247<br>Julie E. Holt, FBN: 95997<br>**Hedin LLP**<br>1395 Brickell Ave,<br>Suite 610<br>Miami, Florida, 33131<br>Telephone: (305) 357-2107<br>Fax: (305) 200-8801<br>aravindran@hedinllp.com<br>jholt@hedinllp.com<br>*Attorneys for Plaintiff and the Putative Class* | Kyle W. Woodford, FBN: 1033490<br>**WOOD, SMITH, HENNING & BERMAN LLP**<br>1501 South Church Avenue,<br>Suite 200<br>Tampa, Florida, 33629<br>Telephone: 813-422-6910<br>Fax: 813-425-6983<br>kwoodford@wshblaw.com<br>tsharp@wshblaw.com<br>*Counsel for Motorsport.tv Digital, LLC* |