# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-CV-24066-CMA

ALAN GUERECA, *individually and*
*on behalf of all others similarly situated*,

    Plaintiff,

v.

MOTORSPORT.TV DIGITAL, LLC,

    Defendant.

_____

## DEFENDANT MOTORSPORT.TV DIGITAL, LLC'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STRIKE CLASS ALLEGATIONS

**RYAN D. SCHOEB, ESQ.**
Florida Bar No. 109257
**KYLE W. WOODFORD, ESQ.**
Florida Bar No. 1033490
**WOOD, SMITH, HENNING & BERMAN LLP**
1501 S. Church Avenue, Suite 200
Tampa, Florida 33629
rschoeb@wshblaw.com
kwoodford@wshblaw.com
tmarshall@wshblaw.com

*Counsel for Motorsport.TV Digital, LLC*

**TABLE OF CONTENTS**

**Page**

I. PLAINTIFF FAILS TO PLEAD FACTUAL ALLEGATIONS THAT MOTORSPORT IMPLEMENTED THE META PIXEL ON THE WEBSITE...................1

II. PLAINTIFF FAILS TO SATISFY EACH OF THE FOUR VPPA FACTORS .................3

    A. Plaintiff fails to allege that PII was collected or transmitted to Meta......................3

    B. Plaintiff consented to Motorsport's alleged conduct................................................5

        i. Your Honor can consider Motorsport's Privacy Policy. ..............................5

        ii. Plaintiff entered into an enforceable online agreement and therefore consented to Motorsport's Privacy Policy. ..................................6

        iii. Motorsport's Privacy Policy serves as statutory consent under the VPPA. ........................................................................................................8

III. MOTORSPORT'S MOTION TO STRIKE CLASS ALLEGATIONS IS TIMELY. ....................................................................................................................................8

IV. SHOULD YOUR HONOR GRANT MOTORSPORT'S MOTION, PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND THE COMPLAINT...................10

V. CONCLUSION.............................................................................................................10

## **TABLE OF AUTHORITIES**

**Case**                                                   **Page(s)**

*Adams v. Am.'s Test Kitchen, LP*,
No. 22-CV-11309 (D. Mass. 2022) ...........................................................................................2

*A.S. v. SelectQuote Ins. Servs.*,
No. 3:23-CV-02258-RBM-MSB, 2024 WL 3881850 (S.D. Cal. Aug. 19, 2024) .................5

*Belozerov v. Gannett Co.*,
No. 4:22-CV-10838  (D. Mass. 2022) ......................................................................................2

*Edwards v. Learfield Commc'ns, LLC*,
697 F. Supp. 3d 1297 (N.D. Fla. 2023) ...................................................................................4

*Eichenberger v. ESPN, Inc.*,
876 F.3d 979 (9th Cir. 2017) ....................................................................................................5

*Feldman v. Star Trib. Media Co. LLC*,
No. 0:22-CV-01731 (D. Minn. 2022) ......................................................................................2

*Frawley v. Nexstar Media Grp. Inc.*,
No. 3:23-CV-2197 (N.D. Tex. 2023) .......................................................................................2

*Ghanaat v. Numerade Labs, Inc.*,
689 F.Supp.3d 714 (N.D. Cal. 2023) ....................................................................................4,5

*Harris v. Pub. Broad. Serv.*,
No. 1: 22-CV-02456 (N.D. Ga. 2022) .....................................................................................2

*Hepburn-Belizaire v. Iowa Coll. Acquisition Corp.*,
No. 09-61532-CIV, 2009 WL 10699576 (S.D. Fla. Nov. 9, 2009) .......................................1

*Heerde v. Learfield Commc'ns, LLC*,
No. 2:23-CV-04493-FLA (MAAX), 2024 WL 3573874 (C.D. Cal. July 19, 2024) .............4

*Houchins as Tr. of Sharmin Inghram Fam. Ins. Tr. v. Weiss*,
No. 21-CV-81046, 2024 WL 4982258 (S.D. Fla. Nov. 25, 2024) ........................................4

*In re Hulu Priv. Litig.*,
No. C 11-03764 LB, 2014 WL 2758598 (N.D. Cal. June 17, 2014) ....................................8

*In re Nickelodeon Consumer Privacy Litig.*,
827 F.3d 262 (3d Cir. 2016) .....................................................................................................5

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) ..................................................................................5

*Kolmat Do Brasil, LDTA v. Evergreen United Invs., LLC*,
No. 14-81320-CIV, 2017 WL 11680171 (S.D. Fla. Mar. 20, 2017) ....................................10

*Kravets v. Anthropologie, Inc.*,
No. 22-CV-60443, 2022 WL 1978712 (S.D. Fla. June 6, 2022) .........................................7

*Lebakken v. WebMD, LLC*,
No. 1:22-CV-644 (N.D. Ga. 2022) .....................................................................................2

*Li v. Georges Media Grp. LLC*,
No. 2:23-CV-01117 (E.D. La. 2023) ..................................................................................2

*Martin v. Lens.com, Inc.*,
No. 0:24-CV-60489, 2024 WL 4826048 (S.D. Fla. Nov. 19, 2024) ....................................6

*Martinez v. D2C, LLC*,
No. 23-21394-CIV, 2024 WL 4367406 (S.D. Fla. Oct. 1, 2024) ........................................8

*Mollett v. Netflix, Inc.*,
795 F.3d 1062 (9th Cir. 2015) ...........................................................................................3

*Naval Logistic, Inc. v. M/V Fam. Time*,
No. CV 23-22379-CIV, 2024 WL 4198547 (S.D. Fla. Sept. 16, 2024) ..............................4

*Pohl v. MH Sub I, LLC*,
332 F.R.D. 713 (N.D. Fla. 2019) .......................................................................................6

*Smith v. Trinity Broad. of Texas, Inc.*,
No. 8:24-CV-01046-JVS-ADS, 2024 WL 4394557 (C.D. Cal. Sept. 27, 2024)..................4

*Yolanda Lopez v. City of Opa-Locka*,
No. 24-22076-CIV, 2024 WL 4930610 (S.D. Fla. Dec. 2, 2024).........................................1

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024) ...............................................................................5

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .............................................................................................5

*Yershov v. Gannett Satellite Info. Network, Inc.*,
820 F.3d 482 (1st Cir. 2016)..............................................................................................5

**Rule**

Federal Rule of Civil Procedure 12 ........................................................................................*passim*

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................10

Federal Rule of Civil Procedure 12(f) ........................................................................................10

Federal Rule of Civil Procedure 16 .............................................................................................10

Federal Rule of Civil Procedure 23 ...............................................................................................9

Federal Rule of Civil Procedure 23(c)(1) ...................................................................................10

Federal Rule of Civil Procedure 23(d)(1)(D)..............................................................................10

Federal Rule of Civil Procedure 23(d)(1)(D).......................................................................*passim*

Federal Rule of Evidence 201(b) .............................................................................................6,8

**MEMORANDUM OF POINTS AND AUTHORITIES**

Motorsport.TV Digital, LLC ("Motorsport") respectfully submits this memorandum[1] in response to Plaintiff's Opposition (ECF No. 36) to Motorsport's Motion to Dismiss or in the Alternative Motion to Strike Class Allegations (ECF No. No. 12). As explained below, Plaintiff's Complaint must be dismissed as he fails to plead any factual allegations to support his conclusory allegations that the Meta Pixel was installed on the Website[2], which is the alleged basis for his Video Privacy Protect Act ("VPPA") claim. Accordingly, Plaintiff fails to satisfy the pleading standard applied by Your Honor, and his Complaint must be dismissed.

**I.   PLAINTIFF FAILS TO PLEAD FACTUAL ALLEGATIONS THAT MOTORSPORT IMPLEMENTED THE META PIXEL ON THE WEBSITE.**

As explained in Motorsport's opening motion, Plaintiff fails to plead any factual allegations to support his conclusory allegations that Motorsport allegedly implemented the Meta Pixel on its Website, which is the alleged basis for his VPPA claim. *See* Complaint, *generally*. Not surprisingly then, within Plaintiff's Opposition, he strategically ignores the legal standard applied by Your Honor when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12. *See Id.*, pg. 1. Notably, as Your Honor has held, to survive a Rule 12 motion, the complaint must contain "**more than labels and conclusions**, and a formulaic recitation of the elements of a cause of action will not do[.]" *Yolanda Lopez v. City of Opa-Locka*, No. 24-22076-CIV, 2024 WL 4930610, at *2 (S.D. Fla. Dec. 2, 2024) (Altonaga, C.J.); *see also Hepburn-Belizaire v. Iowa Coll. Acquisition Corp.,* No. 09-61532-CIV, 2009 WL 10699576, at *2 (S.D. Fla. Nov. 9, 2009) (Altonaga, C.J.) (pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While

---

[1] By submitting this reply brief, Motorsport denies all of the arguments and allegations contained in Plaintiff's Opposition, even if not specifically addressed herein.

[2] motorsport.tv (the "Website")

legal conclusions can provide the framework of a complaint, **they must be supported by factual allegations**."). Here, within Plaintiff's Opposition, he conclusory alleges that "the Complaint sufficiently alleges that Defendant knowingly disclosed its consumers' Facebook IDs and URLs identifying and containing the names of the videos the consumers requested or obtained to Meta." *See Id.*, pg 4. However, Plaintiff fails to satisfy the pleading standard applied by Your Honor because within the Opposition, he fails to cite to any factual allegations in the Complaint which supports his conclusory allegation that the Meta Pixel was installed on the Website. *See Id.*, *generally*. Accordingly, Plaintiff's failure to plead factual allegations distinguishes this current matter from each of the cases cited by Plaintiff in his Opposition. *See Id.*, pg. 3, fn. 1. Indeed, **within each** of the cases cited by Plaintiff, the complaint included screenshots of computer codes and scripts which the court determined made it plausible to suggest that tracking technologies were implemented on the defendant's website. *See Lebakken v. WebMD, LLC,* No. 1:22-CV-644, ECF No. 54, ¶¶ 17-45 (N.D. Ga. 2022); *Frawley v. Nexstar Media Grp. Inc.,* No. 3:23-CV-2197, ECF No. 1, ¶ 64; (N.D. Tex. 2023); *Li v. Georges Media Grp. LLC,* No. 2:23-CV-01117, ECF No. 20, ¶ 27 (E.D. La. 2023); *Feldman v. Star Trib. Media Co. LLC,* No. 0:22-CV-01731, ECF No. 1, ¶ 25 (D. Minn. 2022); *Harris v. Pub. Broad. Serv.,* No. 1: 22-CV-02456, ECF No. 1, ¶ 40 (N.D. Ga. 2022); *Belozerov v. Gannett Co.,* No. 4:22-CV-10838, ECF No. 1, ¶ 42  (D. Mass. 2022); *Adams v. Am.'s Test Kitchen, LP,* No. 22-CV-11309, ECF No. 26, ¶¶ 33-36 (D. Mass. 2022); *compare with* Complaint, *generally*. Additionally, in a last ditch effort to distract Your Honor from the legal deficiencies identified above, Plaintiff allocates two pages in the Opposition reciting to his conclusory allegations in the Complaint that Motorsport "intentionally programmed its website…to include the Meta Pixel." *See* Opposition, pg. 4-5. Again, Plaintiff fails to plead any

factual allegations (such as through screenshots of computer codes and scripts) to support these conclusory allegations. *See* Complaint, *generally*.

## II.     PLAINTIFF FAILS TO SATISFY EACH OF THE FOUR VPPA FACTORS

In Plaintiff's Opposition, he cites to *Mollett v. Netflix, Inc*., 795 F.3d 1062, 1066 (9th Cir. 2015) for the proposition that that the VPPA requires a plaintiff to allege that (1) the defendant is a "video tape service provider," (2) the defendant disclosed "[PII] concerning any customer" to "any person," (3) the disclosure was made knowingly, and (4) the disclosure was not authorized by the statutory exceptions. *See* Opposition, pg. 3. However, as Plaintiff fails to plead any factual allegations to plausibly suggest that Motorsport implemented the Meta Pixel on its Website, there is no need for Your Honor to further analyze each of the *Mollet* factors. Even if Your Honor is inclined to do so, Plaintiff's VPPA claim would still fail as (i) Motorsport received statutory consent for the alleged conduct; (ii) a Facebook ID ("FID") is not personally identifiable information ("PII"); and (iii) Plaintiff fails to provide factual allegations that his FID was disclosed to Meta in combination with the URLs of the alleged videos he viewed on the Website.

### A.     Plaintiff fails to allege that PII was collected or transmitted to Meta.

Within Plaintiff's Opposition, he alleges that "Facebook IDs **disclosed to Meta in combination** with the URLs….constitute 'personally identifiable information' under the VPPA." *See* Opposition, pg. 6. However, as explained above, Plaintiff fails to plead factual allegations that the Meta Pixel was installed on the Website, and therefore Plaintiff in turns fails to plead factual allegations that **his specific FID** was "disclosed to Meta in combination" with the URLs of the alleged **specific videos he viewed** on the Website. *See* Complaint, *generally*. Accordingly, as explained above, this is precisely why Plaintiff's cited cases are distinguishable. Within Plaintiff's Opposition, he also alleges that "Facebook IDs are personally identifying…because they are

indexed to an individual's Meta account, which includes the individual's first and last name, birth date, gender, and phone number or email address." *See Id.*, pg. 6. However, even assuming, *arguendo*, this is correct (which Meta confirmed it is not)³, Plaintiff fails to allege in the Complaint that **his specific Meta account** contained the aforementioned information. *See Id*, *generally*. Accordingly, Plaintiff's Complaint must be dismissed. *See Smith v. Trinity Broad. of Texas, Inc.,* No. 8:24-CV-01046-JVS-ADS, 2024 WL 4394557, at *3 (C.D. Cal. Sept. 27, 2024) (dismissing VPPA claim because plaintiff "fails to allege that her FID provides sufficient identifying information. To claim that her FID permits Meta to identify Smith, she must establish that (1) her Facebook profile is publicly accessible and (2) includes sufficient identifying information…However, Smith does not indicate that her profile is public and contains any identifying information or photos. Rather than allege what is on her personal Facebook profile, Smith merely states that the FID is PII because leads others to her personal profile."); *Heerde v. Learfield Commc'ns, LLC,* No. 2:23-CV-04493-FLA (MAAX), 2024 WL 3573874, at *4 (C.D. Cal. July 19, 2024) ("private profiles may not be viewable even if someone has the FID") (dismissing VPPA claim for "fail[ure] to allege their PII was disclosed because they do not identify what information on their Facebook pages, if any, was viewable and could be used to identify them."); *Edwards v. Learfield Commc'ns, LLC,* 697 F. Supp. 3d 1297, 1307 (N.D. Fla. 2023) (dismissing VPPA claim because the complaint "contains no allegation as to what information

---

³ Within Plaintiff's Opposition, Plaintiff strategically ignores the Meta articles that Motorsport requested judicial notice of in its opening motion, where Meta itself expressly stated that a FID is not PII. Furthermore, Plaintiff does not dispute, and therefore concedes, that Your Honor may take judicial notice of the Meta articles. *See Naval Logistic, Inc. v. M/V Fam. Time*, No. CV 23-22379-CIV, 2024 WL 4198547, at *1 (S.D. Fla. Sept. 16, 2024) ("Defendants' contentions are arguably waived due to its failure to raise such arguments in opposition[.]"); *see also Houchins as Tr. of Sharmin Inghram Fam. Ins. Tr. v. Weiss,* No. 21-CV-81046, 2024 WL 4982258, at *11 (S.D. Fla. Nov. 25, 2024) (same).

was actually included on [their Facebook] profile[s.]"); *Ghanaat v. Numerade Labs, Inc.*, 689 F.Supp.3d 714, 720 (N.D. Cal. 2023) (dismissing VPPA claim "because [plaintiffs] d[id] not allege their Facebook pages contain[ed] any personal information[.]").[4]

**B.     Plaintiff consented to Motorsport's alleged conduct.**

**i.     <u>Your Honor can consider Motorsport's Privacy Policy.</u>**

Within Plaintiff's Opposition, he argues that because he does not expressly refer to Motorsport's Privacy Policy in the Complaint, Your Honor may not consider same when ruling on Motorsport's Rule 12 motion. However, Plaintiff is incorrect. First, Plaintiff may not "surviv[e] a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir.2007). Second, pursuant to Federal Rule of Evidence 201(b), a court may take judicial notice of matters that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Id*.; *see also R.C. v. Walgreen Co.,* 733 F. Supp. 3d 876, 885 (C.D. Cal. 2024) ("The Court need not assume the truth of alleged facts that are contradicted by those of which the Court has taken judicial notice."). "Proper subjects of judicial notice when ruling on a motion to dismiss include…publicly accessible websites[.]" *In re Yahoo Mail Litig.,* 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014). "Courts are also permitted to take judicial notice of privacy policies that appear on publicly available websites because their authenticity cannot reasonably be questioned." *A.S. v. SelectQuote Ins. Servs.,* No.

---

[4] Within Plaintiff's Opposition, he argues that Your Honor should adopt the less stringent legal standard applied in *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482, 486 (1st Cir. 2016), which held that PII in the context of the VPPA encompasses "information *reasonably and foreseeably likely* to reveal which ... videos [a person] has obtained." *See* Opposition, pg. 8, fn. 2. However, *Yershov* is the minority view. Indeed, the Third and Ninth Circuit have held that PII in the context of the VPPA encompasses "only information that 'readily permit[s] *an ordinary person* to identify a [particular individual as having watched certain videos].'" *Eichenberger v. ESPN, Inc*., 876 F.3d 979, 985 (9th Cir. 2017) (*quoting In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 274 (3d Cir. 2016)).

3:23-CV-02258-RBM-MSB, 2024 WL 3881850, at *4 (S.D. Cal. Aug. 19, 2024) (listing cases). Accordingly, in *SelectQuote*, the Southern District of California held that "even if the Court could not incorporate the privacy policy by reference, the Court could still take judicial notice of Defendant's privacy policy." *Id*. Here, as explained below, Plaintiff's VPPA claim is based on his alleged interaction with Website, and specifically whether Plaintiff consented to the Privacy Policy. Additionally, as Motorsport's Privacy Policy is made publicly available on the Website[5] and the WaybackBack Machine[6], and expressly states that it was "effective January 31, 2017" (during the period Plaintiff allegedly purchased a subscription on the Website), Motorsport requests that Your Honor take Judicial Notice of same pursuant to Federal Rule of Evidence 201(b) when ruling on its Rule 12 motion.

### ii. Plaintiff entered into an enforceable online agreement and therefore consented to Motorsport's Privacy Policy.

Within Plaintiff's Opposition, he alleges that Motorsport's account registration process constitutes a "sign in wrap agreement" rather than a "clickwrap agreement." *See* Opposition. pg. 13-14; *see also* Declaration of Rainier Ehrhardt, ECF No. 12-1, Ex. C.  However, even assuming, *arguendo*, this is correct, a sign in wrap agreement is fully enforceable if "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer take some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *See Martin v. Lens.com, Inc.,* No. 0:24-CV-60489, 2024 WL 4826048, at *4 (S.D. Fla. Nov. 19, 2024). As to the first factor, "courts consider the

---

[5] *See* https://motorsport.tv/privacy-policy
[6] *See* https://web.archive.org/web/20230601082249/https://motorsport.tv/privacy-policy (filtered to view archives of the Privacy Policy on June 1, 2023); *see also See Pohl v. MH Sub I, LLC,* 332 F.R.D. 713, 716 (N.D. Fla. 2019) ("Numerous courts, including [the Southern District of Florida] have taken judicial notice of web pages available through the WayBack Machine.") (listing cases).

following factors when making conspicuousness determinations: 'color, size, positioning, language, and design of the hyperlink and its accompanying text.'" *Id.* (internal citation omitted). Here, the terms "Terms of Service" and "Privacy Policy" are hyperlinked in blue font, and therefore are easily recognizable from the surrounding text. *See* Declaration of Rainier Ehrhardt, ECF No. 12-1, Ex. C; *see also Kravets v. Anthropologie, Inc.,* No. 22-CV-60443, 2022 WL 1978712, at *5 (S.D. Fla. June 6, 2022) ("the existence of a hyperlink include the use of a contrasting font color (typically blue)… which can alert a user that the particular text differs from other plain text in that it provides a clickable pathway to another webpage."). Additionally, the "Continue" button is listed directly below the sentence that provides "by clicking Continue, you agree to the Terms of Service and Privacy Policy." *See Id*. Accordingly, Plaintiff received conspicuous notice of the Terms of Service and Privacy Agreement. Additionally, as to the second factor, by registering for a Motorsport account, Plaintiff checked the "Continue" button, and therefore consented to the Terms of Service and Privacy Policy. *See* Declaration of Rainier Ehrhardt, ECF No. 12-1, *generally*. Within Plaintiff's Opposition, he again argues that Your Honor should not consider Motorsport's account registration webpage of the Website when ruling on Motorsport's Rule 12 motion, and determining whether Plaintiff entered into an online contract with Motorsport. However, Plaintiff's argument is meritless. First, Motorsport properly authenticated the account registration webpage of the Website. *See* Declaration of Rainier Ehrhardt, ECF No. 12-1, ¶¶ 3, 12. Second, as explained above, in addition to the Exhibits attached to the Declaration of Rainier Ehrhardt, a Court may take judicial notice of a website and the Wayback Machine when ruling on a Rule 12 motion. To that end, here, Motorsport's account registration webpage from June 2023 (when Plaintiff alleges to have first visited the Website, *See* Complaint ¶ 9) is made publicly available on the Wayback

Machine.[7] Accordingly, Motorsport requests that that Your Honor take Judicial Notice of same pursuant to Federal Rule of Evidence 201(b) when ruling on its Rule 12 motion.

### iii. Motorsport's Privacy Policy serves as statutory consent under the VPPA.

In Plaintiff's Opposition, Plaintiff argues that Motorsport's Privacy Policy fails the statutory consent requirement under the VPPA because it is not in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer. *See* Opposition, pg. 16-17. However, given that there have been no court decisions or legislative guidance analyzing what specifically can and cannot be included in a VPPA consent form, Plaintiff attempts to take advantage of this by manipulating the standard to make it impossible to comply with. However, given that the Privacy Policy expressly states that its intended purpose is to describe "Thirty Party Cookies and Web Beacons" and "what information [Motorsport] collect[s], how [Motorsport] may use that information and the choices [Motorsport] offer[s] for [a user] to manage the information [Motorsport] collect[s]", the Privacy Policy serves as proper VPPA consent. *See* Declaration of Rainier Ehrhardt, ECF No. 12-1, Ex. B.

### III. MOTORSPORT'S MOTION TO STRIKE CLASS ALLEGATIONS IS TIMELY.

Within Plaintiff's Opposition, Plaintiff concedes that Your Honor as the ability to strike class allegations at the pleadings stages of litigation. *See Id.*, pg. 18. Additionally, Plaintiff fails to cite a single court decision which has certified a class in the context of litigation involving tracking technology on defendant's website. *See Id.*, *generally*. Rather, Plaintiff concedes that in the two circumstances that a plaintiff did move for class certification, both motions were denied for failure to satisfy the numerosity and ascertainability requirements of Rule 23. *See Martinez v. D2C, LLC,*

---

[7] *See* https://web.archive.org/web/20230602055831/https://motorsport.tv/registration/free/register (filtered to view archives of the account registration webpage on June 2, 2023);

No. 23-21394-CIV, 2024 WL 4367406 (S.D. Fla. Oct. 1, 2024); *In re Hulu Priv. Litig.*, No. C 11-03764 LB, 2014 WL 2758598 (N.D. Cal. June 17, 2014). Plaintiff also concedes that *Martinez* and *In re Hulu Priv. Litig.* are directly comparable cases as they are both based on the "same Meta Pixel theory that Plaintiff advances here[.]" *See* Opposition, pg. 19.

Within Plaintiff's Opposition, Plaintiff attempts to downplay this Court's correct decision in *Martinez* by arguing it was based on "plaintiffs' inability to timely secure evidence" from Meta and the website owner. *See Id*. First, Plaintiff's argument is moot as he does not argue that there were any evidentiary issues when the Northern District of California denied class certification in *In re Hulu Priv. Litig*. *See Id*. Second, Plaintiff's argument is a gross distortion of this Court's decision in *Martinez*. Indeed, this Court denied class certification for lack of numerosity because it determined that even with discovery, neither Meta nor the website owner had access to crucial information needed to analyze Federal Rule of Evidence 23, including information relating to each website visitor's unique device settings and web browser settings. *See Martinez.*, 2024 WL 4367406, *Id.,* at *7–8. Within Plaintiff's Opposition, Plaintiff lastly tries to differentiate *Martinez* and *In re Hulu* by arguing that this Court denied class certification for lack of numerosity, while the Northern District of California denied class certification for lack of ascertainability. *See* Opposition, pg. 20. However, such argument is a red herring because both Courts determined that individualized proof relating to each website visitor's device settings and web browser settings prohibited class certification. *See Martinez.*, 2024 WL 4367406, *Id.,* at *7–8; *In re Hulu Priv. Litig.*, 2014 WL 2758598, at *22-23. Accordingly, here, as Plaintiff will be unable to satisfy the Rule 23 requirements even with the benefit of discovery, Plaintiff's class allegations should be stricken to promote judicial economy.

### IV. SHOULD YOUR HONOR GRANT MOTORSPORT'S MOTION, PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND THE COMPLAINT

Federal Rule of Civil Procedure 16 provides that district courts are required to enter a scheduling order that limits the time to join other parties and to amend the pleadings. *Id.* As this Court has held, a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Kolmat Do Brasil, LDTA v. Evergreen United Invs., LLC,* No. 14-81320-CIV, 2017 WL 11680171, at *1 (S.D. Fla. Mar. 20, 2017). As this Court has further held, pursuant to the more "stringent" standard imposed by Rule 16, "the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments." *Id.*, at *2. Here, recognizing the multiple legal deficiencies in his Complaint, Plaintiff now seeks leave to amend should Your Honor correctly grant Motorsport's motion. *See* Opposition, pg. 9, fn. 3. However, Plaintiff's request should be denied because Your Honor's scheduling order required Plaintiff to file an amended pleading on or before February 3, 2025. *See* ECF No. 10, pg. 1. Furthermore, Motorsport filed its motion on January 6, 2025, which gave Plaintiff nearly a month to file an amended complaint to address the legal deficiencies identified. Additionally, Motorsport will be prejudiced if leave to amend be granted given the expedited scheduling order requested by Plaintiff, which requires class certification discovery be completed by April 22, 2025 and a motion for class certification be filed by May 2, 2025.

### V. CONCLUSION

WHEREFORE, Motorsport respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing this matter without leave to amend. Alternatively, Motorsport respectfully moves pursuant to Fed. R. Civ. Pro. Fed. R. Civ. P. 12(f), 23(c)(1), and/or 23(d)(1)(D) for an order striking the class allegations. Motorsport respectfully seeks such further relief as appears lawful, equitable, and just.

<table>
<tr><td>Dated: February 4, 2025</td><td>Respectfully submitted,</td></tr>
</table>

*/s/ Ryan D. Schoeb*_____
Ryan D. Schoeb, FBN: 109257
Kyle W. Woodford, FBN: 1033490
**WOOD, SMITH, HENNING & BERMAN LLP**
1501 South Church Avenue, Suite 200
Tampa, Florida 33629
Telephone:  813-422-6910
Fax:  813-425-6983
rschoeb@wshblaw.com
tmarshall@wshblaw.com
kwoodford@wshblaw.com
tsharp@wshblaw.com

*Counsel for Motorsport.TV Digital, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of filing and a service copy to all counsel of record.

                                                 */s/ Ryan D. Schoeb*
                                                 Ryan D. Schoeb