**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:24-CV-24066-CMA**

ALAN GUERECA, individually
and on behalf of all others similarly situated,

                Plaintiff,

   v.

MOTORSPORT.TV DIGITAL, LLC,

                Defendant.

**MOTION FOR EXTENSION OF DEADLINES**

      Plaintiff Alan Guereca requests an extension to the class certification expert report deadline and subsequent deadlines. Plaintiff has not yet received essential class discovery from Defendant or third-party discovery, despite diligent efforts, and thus is not in possession of the data necessary to produce an expert report in support of class certification. In support of this motion, Plaintiff states the following:

      1.     On October 21, 2024, Plaintiff filed a complaint alleging that Defendant Motorsport.Tv Digital, LLC violated the Video Privacy Protection Act ("the VPPA"), 18 U.S.C. 2710, by making non-consensual disclosures of the Personal Identifying Information ("PII") of subscribers to its Motorsport.tv website to Meta, Inc. via the Meta Pixel, a piece of programming code that Defendant used on the website.

      2.     The parties conferred pursuant to Fed. R. Civ. P. 26 on December 19, 2024. On December 23, 2024, this Court issued an order setting the trial and pretrial schedule. DE 10. This Court set the deadline for exchanging expert reports on the issues of class certification for March

1

11, exchanging rebuttal expert reports for April 1, the close of class discovery for April 22, and filing a motion for class certification for May 2.[1]

3.  Plaintiff served his initial discovery requests on December 26, 2024. In those initial requests, Plaintiff requested Defendant's Meta Pixel IDs. On December 27, 2024, Plaintiff's counsel served a subpoena on Meta for all information it received from Defendant via Defendant's Meta Pixel. On January 10, 2025, Meta responded with objections via email, without producing any responsive documents. The same day, Plaintiff's counsel responded to Meta with a proposed resolution, to which Meta agreed on January 13, 2025. However, Meta stated that in order to search for any responsive documents, it needed all of Defendant's Meta Pixel IDs and Plaintiff's Facebook ID. That same day after conferring with Meta, Plaintiff's counsel contacted defense counsel again requesting Defendant's Meta Pixel IDs, explaining that Meta needed the Meta Pixel IDs in order to search for documents responsive to the non-party subpoena Plaintiff previously served. Defense counsel did not provide Defendant's Meta Pixel IDs.

4.  On January 27, 2025, the date Defendant's discovery responses were due, defense counsel contacted Plaintiff's counsel asking for a 10-day extension. Plaintiff's counsel responded that given the tight case schedule and the upcoming class certification expert report deadline of March 11, Plaintiff could not agree to an extension and offered to discuss further. Defendant did not produce any discovery responses. On January 28, 2025, Plaintiff's counsel contacted defense counsel asking to discuss Defendant's failure to respond to discovery, in advance of moving to compel responses, pursuant to Local Rule 7.1. Defense counsel responded on January 29, 2025, and the parties conferred that afternoon. Defendant served its responses to Plaintiff's

---

[1] Defendant waived service, and thus, its response was due December 30, 2024. DE 3. Defendant failed to respond to the complaint by December 30, 2024. On December 31, 2024, this Court ordered Defendant to respond by January 6, 2025, or face a default judgment. DE 11. Defendant moved to dismiss the complaint on January 6, 2025. DE 12. This Court denied that motion on February 19, 2025. DE 30.

interrogatories that same day. However, Defendant did not provide its Meta Pixel IDs. Instead, Defendant stated that the Meta Pixel IDs were confidential and that it would not provide them without entry of a protective order. Plaintiff's counsel sent a draft protective order to defense counsel that same day. Plaintiff also agreed to an extension until February 2, 2025, for Defendant to respond to Plaintiff's requests for production of documents ("RFPs"). Defendant did not respond to Plaintiff's RFPs on February 2.

5. Plaintiff's counsel followed up with defense counsel on February 3 about the protective order and the parties conferred again on February 4. On February 4, Defendant served its responses to Plaintiff's RFPs. However, Defendant produced only a single document consisting of a printout of Defendant's privacy policy from its website, did not respond regarding the protective order, and did not provide Plaintiff its Meta Pixel IDs. Plaintiff's counsel contacted defense counsel that same day asking to confer on Defendant's discovery responses and for Defendant's availability for the following three Wednesdays for Plaintiff to calendar the case to address the discovery deficiencies, as per Magistrate Judge Reid's practices. Defense counsel did not respond. The following day, February 5, Plaintiff's counsel reached out again to defense counsel about setting a call to discuss the deficiencies in Defendant's discovery responses and attached a letter outlining what Plaintiff believed were the deficiencies to aid the conversation. Defense counsel responded no one was available for a call until February 7. On February 7, the parties conferred, and defense counsel stated he would produce all requested discovery by the following Friday, February 14. That same day, Defendant's counsel responded with his edits to Plaintiff's proposed protective order. Plaintiff did not seek to calendar the case in front of Judge Reid to address Defendant's discovery responses given defense counsel's assurances he would

3

provide all discovery by February 14. On February 10, Plaintiff's counsel filed the agreed protective order, and the Court entered it the same day.

6. On February 14, Defendant produced a single spreadsheet in response to Plaintiff's RFPs. The spreadsheet does not contain email addresses for the users of Defendant's website. Meta specifically requires the email addresses in order to identify users and pull the data, including the video-viewing data, associated with their accounts and activities on Defendant's website.

7. On February 17, Defendant produced amended responses to Plaintiff's Interrogatories which included its Meta Pixel IDs. That same day, Plaintiff's counsel sent Defendant's Meta Pixel IDs and Plaintiff's Facebook ID to Meta so that Meta could begin its search for documents responsive to Plaintiff's subpoena. Plaintiff's counsel followed up with Meta on February 20. Counsel for Meta responded on February 21 that Meta will need 4–6 weeks to respond with documents regarding the Plaintiff and an additional 6–8 weeks to provide samples of class-wide documents.

8. On February 25, Plaintiff's counsel contacted Defendant's counsel via email regarding ongoing discovery deficiencies, including the lack of email addresses associated with users of Defendant's website. Plaintiff's counsel also asked for Defendant' position on a motion to extend the case scheduling deadlines, including the March 11 class certification expert report deadline. Receiving no response, Plaintiff's counsel followed up via email on February 26 and also offered to consent to an extension of Defendant's answer deadline. Plaintiff's counsel followed up again via email on February 27 asking for Defendant's position on the motion to extension the deadlines.

9. On February 28, Defendant's counsel called Plaintiff's counsel and stated: (1) that Defendant will not produce the email addresses associated with its users absent a court order

requiring it to do so and (2) that Defendant's counsel is unavailable for a discovery hearing until March 19.

10. On February 28, 2025, Defendant produced additional documents. However, Plaintiff is still missing the requested email addresses for the class, and other information essential for its class certification expert to complete her analysis. Plaintiff contacted Judge Reid's chambers to set a hearing regarding these deficiencies and a hearing is set for March 7.

11. The current deadline to exchange expert reports is March 11. However, despite Plaintiff's counsels' efforts, Plaintiff still does not have the necessary class discovery from Defendant or the subpoena responses from Meta. Plaintiff must receive class discovery from Defendant, including the email addresses associated with its customers, prior to Plaintiff's expert completing a report in support of class certification. Additionally, Plaintiff's expert needs discovery from Meta before she can begin any analysis of the facts supporting the factors necessary to certify a class. Plaintiff anticipates that Meta's records will show what information was transmitted to Meta from Defendant's website. For example, Plaintiff anticipates that Meta's records will show the webpages Defendant's customers visited, what actions they took on each page (e.g. subscribing, links clicked), and the URLs of the videos its customers watched, which include the title of the videos. Plaintiff anticipates Meta's records will establish how many customers had their PII transmitted to Meta via Defendant's Meta Pixel on its website. And Plaintiff anticipates that Meta's records will include identifying information such as email addresses that allows Plaintiff's expert to cross reference Defendant's customer data with Meta's records to show which of Defendant's users had their PII transmitted to Meta via Defendant's Meta Pixel. However, in order to pull this data, Meta needs the email addresses of Defendant's customers. Consequently, the email addresses from Defendant and the video-viewing and related

information from Meta is essential for establishing numerosity and ascertainability and certifying a class in this case.

12. Good cause for an extension exists here because the current schedule cannot reasonably "be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note. Plaintiff's counsel have been diligent in their efforts to obtain the needed information from Defendant and Meta. Plaintiff's counsel served initial discovery on Defendant six days after the Rule 26 conference in December and subpoenaed Meta seven days after the conference. Plaintiff's counsel responded immediately to Meta's communications regarding the subpoena to resolve Meta's objections. Plaintiff's counsel requested one critical piece of information needed for Meta to search for responsive documents—Defendant's Meta Pixel IDs—in its initial discovery requests to Defendant on December 26, 2024, and again on January 13 after conferring with Meta. Plaintiff's counsel conferred with defense counsel regarding Defendant's discovery responses three times and took defense counsel's assurances that they would produce complete discovery responses in good faith. Yet Defendant continued to delay and did not produce its Meta Pixel IDs until February 17. Plaintiff immediately provided them to Meta. Through no fault of Plaintiff, Meta could not even begin the search for responsive documents pertaining to the named Plaintiff until February 17. As per Meta's counsel, Meta will need 4–6 weeks to produce responsive documents related to Plaintiff, and an additional 6–8 weeks to produce class-wide responses. Without class discovery from Defendant, specifically and at a minimum including the email addresses of its customers, and the subpoena responses from Meta, Plaintiff cannot meet the current deadlines.

13. Therefore, Plaintiff requests this Court continue the class-certification related deadlines to allow Plaintiff time to receive the subpoenaed documents from Meta and discovery

from Defendant and allow Plaintiff's expert time to review both and complete a report. Specifically, Plaintiff seeks to extend the following deadlines based on the time Meta stated it needs to respond to the subpoena:

1) Exchange class certification expert reports – June 17, 2025

2) Exchange class certification rebuttal reports – July 8, 2025

3) Close of class discovery – July 29, 2025

4) Plaintiff's motion for class certification – August 12, 2025.

Plaintiff also seeks to extend the following additional deadlines so they comport with the requested class certification deadlines:

1) Exchange expert reports on merit issues – June 17, 2025

2) Exchange rebuttal reports on merit issues – July 8, 2025

3) Close of all discovery – July 29, 2025

4) Pre-trial and Daubert motions – August 26, 2025

5) Pre-trial stipulations and other pre-trial documents – September 26, 2025

14.     The undersigned has conferred with counsel for Defendant, pursuant to Local Rule 7.1, who advises Defendant opposes this motion.

March 3, 2025                           Respectfully Submitted,

s/*Julie Holt*
Julie Holt, FBN: 95997
**Hedin LLP**
1395 Brickell Ave, Ste 610
Miami, Florida, 33131
Telephone: (305) 357-2107
jholt@hedinllp.com
***Attorney for Plaintiff and the Putative Class***

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification of such filing to all parties of record.

*/s/ Julie Holt*