UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ALAN GUERECA, individually and on behalf of all others similarly situated, | Case No. 1:24-CV-24066-CMA |
| Plaintiff, | |
| v. | |
| MOTORSPORT.TV DIGITAL, LLC, | |
| Defendant. | |

**MOTORSPORT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINES AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Motorsport.TV Digital, LLC ("Motorsport") pursuant to this Court's Order, ECF No. 33, hereby files its Opposition to Plaintiff's Motion for Extension of Deadlines (ECF No. 32) (the "Motion" or "Mot") filed by Alan Guereca ("Plaintiff" or "Mr. Guereca"), and states as follows:

**INTRODUCTION**

Motorsport has continued to fulfill its discovery obligations and work with Plaintiff's counsel through four rounds of rolling production and supplemental discovery responses, despite Plaintiff's protestations to the contrary. The documents which Plaintiff now demands are for an individualized inquiry into each of the 3,930 putative class members, something which this Court's bifurcated discovery schedule does not permit and which undercuts Plaintiff's claim for class certification. Importantly, Plaintiff knew that third-party discovery from Meta would be necessary for their claims since the inception of this case, as reflected in their December 27, 2024 subpoena to Meta. Yet, as admitted in the Motion, Plaintiff did not contact Motorsport until February 25, 2025, regarding its requests for additional data that Meta purportedly now needs.

On December 23, 2024, this Court entered its "Order Setting Jury Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge" setting trial for October 20, 2025 ECF No. 10; ("Scheduling Order"). Now, before this Court, is Plaintiff's Motion for an "extension to the class certification report deadline and subsequent deadlines." Mot. at p. 1. More succinctly, Plaintiff is seeking to extend all but one of the remaining pre-trial deadlines. ECF No. 32.[1] Before delving into the Motion itself, Motorsport sets forth the following chart, in order to explicitly show this Court the extensions Plaintiff seeks:

| **Deadline** | **Scheduling Order** | **Plaintiff's Extension** | **Change** |
|---|---|---|---|
| Exchange expert witness summaries or reports on issues of class certification. | March 11, 2025 | June 17, 2025 | 98 days |
| Exchange rebuttal expert witness summaries or reports on issues of class certification. | April 1, 2025 | July 8, 2025 | 98 days |
| Deadline for completing class certification discovery. | April 22, 2025 | July 29, 2025 | 98 days |
| Plaintiffs file motion for class certification. | May 2, 2025 | August 12, 2025 | 102 days |
| Exchange expert witness summaries or reports. | May 19, 2025 | June 17, 2025 | 29 days |
| Exchange rebuttal expert witness summaries or reports. | June 2, 2025 | July 8, 2025 | 36 days |
| All discovery, including expert discovery, is completed. | June 23, 2025 | July 29, 2025 | 36 days |
| Parties must have completed mediation. | June 30, 2025 | - | - |
| All pre-trial motions and Daubert motions. | July 8, 2025 | August 26, 2025 | 49 days |
| Parties must file and submit joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions in limine. | August 5, 2025 | September 26, 2025 | 52 days |

---

[1] The "one" untouched deadline is mediation. *Id*.

As shown, Plaintiff asks this Court to double the amount of time originally given for class certification discovery (Plaintiff had 78 days originally and now requests an **additional 98 days**) which *completely eliminates the bifurcation of discovery deadlines in the Scheduling Order* (e.g., Merit and Class Certification Expert Reports would purportedly be due the same day, June 17, 2025). As shown herein, these extensions are simply not warranted because the current circumstances are a problem of Plaintiff's own making. Plaintiff's delay in seeking its discovery, specifically from a third-party, is not a sufficient basis to seek the relief requested.

Importantly, Plaintiff proposes an extension through September 26, 2025 for the Parties to file a joint pre-trial Stipulation, jury instructions, verdict form, motions *in limine*, and other pre-trial documents. Mot. at p. 7. Pursuant to the Scheduling Order, the Parties currently have 76-days, or over two months, in order to submit and file the aforementioned documents. ECF No. 10. Now, Plaintiff's proposed extension gives the Parties only **24-days** to submit the aforementioned pre-trial documents. This proposed extension is significant in many respects. While the Motion does not explicitly seek a trial continuance, Motorsport submits that this proposed extension (in coordination with all others) demonstrates that Plaintiff is axiomatically seeking one. Presumably, the Motion does not explicitly identify a request for a trial continuance because under Local Rule 7.6, a continuance is only warranted under "exceptional circumstances" and requires an accompanying affidavit. The Motion clearly does not satisfy such a standard.

In the end, the documents and responses obtained from Plaintiff's third-party subpoena(s) and/or correspondence to and from Meta did not ultimately support Plaintiff's claims, so now, a mere six-days before the class certification summary cutoff date, Plaintiff seeks to reset the entire pretrial schedule to give himself time to pursue a new theory of liability – based entirely upon

documents that will allegedly now take "6-8" weeks to receive from a third-party. The Court should deny the Motion.

## LEGAL MEMORANDUM IN SUPPORT

**I.    LEGAL STANDARD**

   **A.  Motion to Modify the Scheduling Order**

Rules 6 and 16 require a showing of good cause for extending a deadline or modifying a court's scheduling order. Fed. R. Civ. P. 6(b), 16(b)(4). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker Corp.*, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010); *U.S. Sugar Corp. v. Com. & Indus. Ins. Co.*, 2023 WL 158294, at *2 (S.D. Fla. Jan 11, 2023). In other words, the moving party must demonstrate it could not meet the deadline despite its **diligent** efforts. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (emphasis added); *Idearc Media Corp. v. Kimsey & Assocs., P.A.*, 2009 WL 413531, at *2 (M.D. Fla. Feb. 18, 2009). Whether a party is seeking a trial continuance or modification of the scheduling order, "if a party was not diligent, the good cause inquiry should end." *IBahr v. NCL (Bahamas) Ltd.*, 2022 WL 293255, at *2 (S.D. Fla. Feb 1, 2022).

   **B.  Motion for Trial Continuance**

Under Local Rule 7.6, "[a] continuance of any trial, pretrial conference, or other hearing will be granted only on exceptional circumstances. S.D. Fla. Local Rule 7.6. Any motion seeking a continuance of any trial must be "supported by an affidavit setting forth a full showing of good cause." *Id*. While Motorsport remains consciences of the fact the Motion does not explicitly set forth a request for a continuance – Motorsport maintains its extension requests would inevitably require one. Regardless, Plaintiff's Motion does not address any of these factors.

## II.     ARGUMENT

### A.     <u>Plaintiff Has Failed to Demonstrate Diligence as His Entire Argument is Predicated on Third-Party Discovery.</u>

"When a deadline appears in a scheduling order and a motion is filed after the deadline, 'Rule 16 is the proper guide for determining whether a party's delay may be excused.'" *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) (unpublished). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note).

Plaintiff filed his Complaint on October 21, 2024, alleging that Motorsport violated the Video Privacy Protection Act (18 U.S.C. § 2710, *et seq.*) ("VPPA") by disclosing its subscribers' viewing activities to Meta Platforms, Inc. ("Meta") through a programming code called the "Meta Pixel" (the "Complaint"). ECF No. 1, ¶¶1-2. Intuitively, in order for Plaintiff to prevail on his claim(s), he has always known that he would need to demonstrate that there was a "disclosure" of his personally identifiable information to Meta. Motorsport questions whether or not Plaintiff can show this is the case by any record evidence. Thus, the Motion admits that its strategy now lies through Meta. Mot. at pp. 2, 4-6. For example, for certification purposes, Plaintiff admits the need for "video viewing data" in order to give to Meta. On numerous occasions, including in its discovery responses, Motorsport has stated it does not maintain such information. Now, Plaintiff **<u>anticipates</u>** (through no such authority or basis) that "Meta's records will show what information was transmitted to Meta from Defendant's website. For example, Plaintiff anticipates that Meta's records will show the webpages Defendant's customers visited, what actions they took on each page (e.g. subscribing, links clicked), and the URLs of the videos its customers watched, which include the title of the videos. Plaintiff anticipates Meta's records will establish how many

customers had their PII transmitted to Meta via Defendant's Meta Pixel on its website." Mot. at p. 5. Based on this new theory of somehow deriving such information that Plaintiff anticipates, he asks this Court to restart discovery and seek information pursuant to a new theory of deriving liability in this case.

### B. Plaintiff's Discovery Chronology is Only a Guise to Seek Additional Discovery From Meta.

Plaintiff devotes much of his Motion by going through the Parties discovery process, in an attempt to blame Motorsport for the delays in discovery. However, the actual timeline refutes this allegation. For example, Motorsport's original discovery responses were due 1/27/2025, and undersigned counsel requested a brief, 10-day extension to serve its responses. Mot. at ¶3.[2] Plaintiff's prior lead counsel, Mr. Ravindran, did not agree to our request. *Id*. Thus, we conferred in good faith on 1/29/2025 and a unilateral 7-day extension was given by Plaintiff. Regardless, Motorsport served its initial discovery responses on 1/29/2025 and 2/04/2025. Axiomatically, the latter discovery service was "delayed" merely a single day, something that does not justify the characterization of an emergency or significant delay - nor the need for court intervention.

During this time period, the Motion notes Plaintiff's significant correspondence with Meta and purports to summarize conversations he had in response to a Meta subpoena. Motion, *generally*. To-date, Motorsport has not been privy, in any form, to Plaintiff's alleged conversations with Meta – Plaintiff has only maintained it will share such conversation "to the extent future correspondence with Meta includes deposition scheduling."[3] Plaintiff originally requested the deposition of a Meta representative but ultimately cancelled same.

---

[2] As noted during various calls with opposing counsel, many of Motorsport's client contacts are in Europe. Planning and scheduling calls took time although Motorsport did so as quickly as possible.

[3] Plaintiff's correspondence received and dated: 1/29/2025 at 12:43 PM EST.

Thereafter, the Motion sets forth what ultimately led to a protective order being entered on February 10, 2025. ECF No. 25. On February 14, 2025, Motorsport produced a comprehensive spreadsheet of approximately 3,930 putative class members, which also included over fifteen columns of additional information (including User ID's, Geographic locations, Subscription Payments, etc.). At the outset, Plaintiff argues that "Meta stated that in order to search for any responsive documents, it needed all of Defendant's Meta Pixel IDs and Plaintiff's Facebook ID." *Id*. ¶3. **The spreadsheet and interrogatory answers produced by Motorsport are completely responsive to what Meta purportedly told Plaintiff it needed at the time.**

Plaintiff now argues that "Meta specifically requires the email addresses in order to identify users and pull the data, including the video-viewing data, associated with their accounts and activities on Defendant's website." Mot. at ¶6. Again, while not privy to the conversations between Plaintiff's counsel and Meta, this was not previously requested. Plaintiff's original request for Motorsport's "Meta Pixel IDs and Plaintiff's Facebook ID," is entirely different than Plaintiff's new request for "video-viewing data, associated with their accounts and activities" on Motorsport's website. Critically, during a meet and confer on February 28, 2025, the undersigned informed Plaintiff's counsel that **1)** Motorsport does not maintain "video-viewing data" and thus had no information to produce, and **2)** Motorsport does not have authorization to release the email addresses of Motorsport's other clients to Plaintiff absent a Court Order.

Motorsport has continued to fulfill its discovery obligations and work with Plaintiff's counsel (e.g., four rounds of rolling production and supplemental discovery responses). Motorsport has consistently maintained that this case is not suitable for class certification because whether information was purportedly disclosed via the Meta Pixel will require an individualized inquiry for each putative class member. The Motion admits this fact through its apparent responses and

conversations with Meta. Mot. at ¶11. Plaintiff knew that third-party discovery from Meta would be necessary since the inception of this case. Mot. at ¶3. After all, on December 27, 2024, Plaintiff issued a subpoena to Meta. *Id*. As admitted in the Motion, Plaintiff did not contact Motorsport until February 25, 2025, regarding its revelations of additional data that Meta purportedly now needed as discussed on February 28, 2025. Mot. at ¶¶9-10.

In sum, Plaintiff has allegedly been in discussions with Meta and its counsel for three months. Mot. at ¶¶3,9-11. On February 21, 2025, Plaintiff was allegedly informed through Meta's counsel that "Meta will need 4–6 weeks to produce responsive documents related to Plaintiff, **and an additional 6–8 weeks to produce class-wide responses**." Mot. at ¶7. If this were the case (Motorsport simply does not know if true or not), the Motion should have been filed months ago. Plaintiff's dissatisfaction with the evidence or responses from Meta does not demonstrate good cause for resetting the class certification discovery timeline and certainly does not warrant the change in all of the Court's pre-trial deadlines.

### C. <u>Plaintiff's Fail to Establish the "Good Cause" Necessary to Warrant a Modification of the Scheduling Order</u>

Plaintiffs cannot establish the good cause required to modify the Scheduling Order because, as shown above, they fail to demonstrate they have diligently pursued the discovery that they now claim they so desperately need. Critically, "diligence is the key to satisfying the good cause requirement." *Donaldson v. Carnival Corp.*, 2021 WL 65445, at *1 (S.D. Fla. Jan. 7, 2021); *see also Sosa*, 133 F.3d at 1418 ("If a party was not diligent, the good cause inquiry should end." (citations omitted)).

As shown, *supra*, Plaintiff was not diligent in his pursuit of discovery from Meta. Only at the eleventh hour has he now asked this Court to re-set the class certification and pre-trial deadlines. Courts in this District have recognized the inherent unfairness and inconvenience of

allowing a plaintiff to essentially restart discovery to pursue a new or different theory of liability. *See Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d 1284, 1295 (S.D. Fla. 2010) (denying continuance and noting the inconvenience to the Court and the defendant if the plaintiff was allowed to pursue a different damages theory); *Mierzwicki v. Citigroup, Inc.*, 2015 WL 13388565 (S.D. Fla. Sept. 28, 2015) (same). Any delays in discovery are of Plaintiffs' own doing and are insufficient to demonstrate good cause to extend the deadlines. *See U.S. Sugar Corp.,* 2023 WL 158294, at *2 (denying the expedited motion to amend scheduling order and continue trial and finding that the party requesting extension of the discovery deadlines created the circumstances of which it now complains). Plaintiff's current frustration with the information it has obtained in discovery and eleventh-hour request to extend the pretrial deadlines to additional discovery is insufficient to demonstrate good cause that warrants modification of the deadlines in the Scheduling Order. Plaintiff had sufficient time to pursue discovery, yet failed to diligently obtain allegedly necessary information from third parties (Meta).

Plaintiff's Motion should be denied.

### III.     CONCLUSION

WHEREFORE, Motorsport.TV Digital, LLC, respectfully requests that this Court enter an Order denying Plaintiff's Motion for Extension of Deadlines and granting such further relief, including its costs and expenses as allowed by law, equity, or as may be deemed just and proper.

Respectfully submitted,

Dated: March 5, 2025

*/s/ Christopher J. Seusing*
Christopher J. Seusing, (*pro hac vice*)
Sean V. Patel, (*pro hac vice*)
Kyle W. Woodford, FBN: 1033490
Ryan D. Schoeb, FBN: 109257
**WOOD, SMITH, HENNING & BERMAN LLP**
1501 South Church Avenue, Suite 200
Tampa, Florida 33629
Telephone:  813-422-6910
Fax:  813-425-6983
kwoodford@wshblaw.com
cseusing@wshblaw.com
spatel@wshblaw.com
rschoeb@wshblaw.com
tsharp@wshblaw.com
tmarshall@wshblaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of filing and a service copy to all counsel of record.

*/s/ Christopher J. Seusing*
Christopher J. Seusing