UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-CV-24066-CMA

ALAN GUERECA individually and on behalf of all others similarly situated,

                Plaintiff,

   v.

MOTORSPORT.TV DIGITAL, LLC,

                Defendant.

**JOINT MOTION FOR ENTRY OF STAY PENDING SETTLEMENT NEGOTIATIONS**

Plaintiff Alan Guereca and Defendant Motorsport.tv Digital, LLC, (collectively, "the Parties") respectfully submit this Joint Motion for Entry of Stay Pending Settlement Negotiations and Incorporated Memorandum of Law. The Parties request that this Court stay this case for a period of ninety (90) days. The Parties believe that a stay is necessary to conserve their resources so that they may attempt to resolve this case by early mediation. While there is currently a mediation scheduled for **June 17, 2025,** the Parties are committed to mediating an earlier date this month or April, and the Parties will inform the Court when the earlier date is confirmed Accordingly, the Parties jointly request that the Court enter a stay of discovery and all pretrial deadlines in this case for a period of ninety (90) days.

**MEMORANDUM OF LAW**

This Court has broad discretion to stay proceedings as incidental to its power to control its own docket - particularly where, as here, a stay would promote judicial economy and efficiency in order to allow settlement discussions. *Castle v. Appalachian Tech. Coll.*, 430 F. App'x 840, 841 (11th Cir. 2011); *Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp.*, 2011 WL 1544860, at *5

1

(S.D. Fla. Apr. 15, 2011) ("Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency.").

Further, Federal Rules of Civil Procedure 26(c) and 26(d) vest the Court with authority to limit the scope of discovery or control its sequence, upon a showing of good cause and reasonableness. *Houston v. 7-Eleven, Inc.*, 2015 WL 412523, at *1 (M.D. Fla. Jan. 30, 2015). A temporary stay is reasonable considering the Parties are concerned that incurring the additional costs and expense to complete discovery in this matter, including taking depositions and identifying testifying experts, will be prohibitively expensive and will impede the possibility to resolve this matter through settlement. Thus, facilitating the Parties' efforts to resolve their dispute entirely is reasonable and constitutes good cause for granting the requested short-term stay of discovery. *See, e.g., PNC Bank, Nat'l Ass'n v. Pharis*, 2018 WL 5807351, at *1 (M.D. Fla. Nov. 6, 2018) (finding good cause to stay proceeding for a period of sixty (60) days appropriate pending mediation and settlement discussions).

Accordingly, the Parties respectfully request that the Court enter the Order Staying Litigation Pending Settlement Discussions, attached hereto as Exhibit "A." The Order is jointly agreed to by all Parties.

**DATED**: March 5, 2025                                    Respectfully Submitted,

| | |
|---|---|
| */s/Frank S. Hedin (with permission)* | /s/ *Kyle W. Woodford* |
| Julie E. Holt (FBN: 95997) | Kyle W. Woodford (FBN:1033490) |
| Frank S. Hedin (FBN: 109698) | Ryan D. Schoeb (FBN:109257) |
| Hedin LLP | Wood, Smith, Henning & Berman LLP |
| Frank S. Hedin (FBN: 109698) | 1501 South Church Avenue, Suite 200 |
| 1395 Brickell Avenue, Suite 610 | Tampa, Florida 33629 |
| Miami, FL 33131 | Telephone: 813-422-6910 |
| 305-357-2107 | Fax: 813-425-6983 |
| Email: jholt@hedinllp.com | kwoodford@wshblaw.com |
| fhedin@hedinllp.com | rschoeb@wshblaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |